## Case No. 15,119a.

### UNITED STATES v. FLANAKIN.

### [Hempst. 30.] [1]

Superior Court, Territory of Arkansas. Oct., 1825.

Costs — Criminal Case — When Prosecutor Liable.

1. In all cases of trespass on the person or property of an individual, where the prosecution is carried on at the instance of the party aggrieved, he is liable for costs, and they may be adjudged against him.

2. The word "trespass," in the Criminal Code, has a technical and definite meaning, as is descriptive of offences of a lower grade only, such as misdemeanors, and does not mean crimes of a deeper dye, such as horse stealing, or the like, in which no prosecutor is necessary.

Indictment [against William Flanakin] for larceny.

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. The defendant, having been prosecuted for the crime of horse stealing, and, upon trial, acquitted by the jury, now makes, by his counsel, the following motion, namely: "That James Lemmons, the principal witness, and at whose instance the prosecution was instituted, should be subject to the payment of costs, as prosecutor." This question must be decided by the statute law. The only provisions upon the subject of which we are aware are to be found in Geyer, Dig. pp. 154, 155, and are as follows: "No bill of indictment for assault, battery, or any other trespass, shall be preferred to any grand jury, unless a prosecutor be endorsed thereon; and if the grand jury do in any such case return the bill, 'not a true bill,' it shall be the duty of the grand jury to decide, and cause the foreman to endorse thereon, whether the county or the prosecutor shall pay the costs; and where the indictment is returned by the jury 'a true bill,' and the defendant on trial is acquitted, the petit jury acquitting such defendant shall return, together with their verdict, whether the county or prosecutor shall pay the costs, and the court shall give judgment accordingly." "In all cases of prosecutions for assault and battery, or other trespasses, where the indictment or presentment shall be made from the knowledge of two or more of the grand jury, or upon the information of any public officer in the necessary discharge of his duty, or on the information of any other person other than he, she, or they, against whom the trespass is alleged to have been committed, it should be so stated at the end of the indictment or presentment, and no prosecutor shall be required."

From the preceding sections, it is manifest that a prosecutor is required only in one class of cases. In all cases of trespass against the person or property of individuals, a prosecutor is required where the prosecution is carried on by the person or persons aggrieved by the trespass; but even in these cases a prosecutor is not necessary, where the information is offered by any person against whom the trespass has not been committed. What, then, is meant by the word "trespass," as used in the statute? This is the only point upon which a doubt can arise. The word "trespass," when used in the Criminal Code, has a technical and definite meaning. It is descriptive of offences of a lower grade only, and is included in the term "misdemeanor." When the law defines the higher crimes,—crimes of deep atrocity,—other words than those of "trespass" or "misdemeanor" are employed. Treason, murder, robbery, and burglary, cannot be committed without committing a trespass, but no lawyer would contend that a conviction for murder could be had upon an indictment for trespass. Indeed, it is too clear to admit of doubt that the term "trespass" is used only to denote offences of a lower grade, and cannot be extended to embrace crimes of a deeper dye, designated and defined by their technical and appropriate appellations. As the word "trespass" does not include the offence of horse stealing, it follows that in the prosecution of that offence the law requires no prosecutor, and consequently this motion must be overruled. Motion denied.

---

[1] [Reported by Samuel H. Hempstead, Esq.]